UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMMY A. TAYLOR and | ) | |
| DEBORAH TAYLOR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:09CV536 HEA |
| | ) | |
| COTTRELL, INC., and AUTO | ) | |
| HANDLING, CORP., | ) | |
| | ) | |
| Defendants, | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand, [Doc. No. 9]. Defendant Cottrell, Inc. opposes the Motion. For the reasons set forth below, the Motion is denied.

## **Facts and Background**

Plaintiffs filed their original Petition in the Missouri Circuit Court, Twenty-First Judicial Circuit (County of St. Louis) on or around April 3, 2009. In the original Petition, Plaintiffs named Defendants Cottrell, Inc. and Auto Handling Corp. Defendant Cottrell, Inc. filed a Notice of Removal on April 7, 2009, based upon the diversity of citizenship of the parties, 28 U.S.C. § 1332(a). On April 16, 2009, Plaintiffs filed their Motion to Remand the Case to State Court. In their Motion, Plaintiffs argue that this Court lacks jurisdiction because the removal is

premature, and that they named a Missouri defendant, which requires remand pursuant to 28 U.S.C. § 1441(b) (and 28 U.S.C. § 1447(c)).

Defendant claims that the forum defendant rule, under 28 U.S.C. § 1441(b), is inapplicable because the Missouri defendant was not served prior to removal. Defendants argue that naming an unserved Defendant, who is a resident of the forum state, does not preclude removal when complete diversity exists, as it does in this case.

## **DISCUSSION**

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Business Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir.1993) (citing *Bor-Son Bldg. Corp. v. Heller*, 572 F.2d 174, 181 n. 13 (8th Cir.1978)). A district court is required to resolve all doubts about federal jurisdiction in favor of remand. *Bates v. Mo. & N. Ark. R.R. Co.*, 548 F.3d 634, 638 (8th Cir.2008); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir.1997) (citing *In re Business Men's Assurance Co.*, 992 F.2d at 183).

Section 1441(b) of Title 28 makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir.1992) (referencing the 28 U.S.C.

§ 1441(b) limitation on defendants in the forum State). Under 28 U.S.C. § 1441(b), the so-called "forum defendant rule," a defendant can remove a case based on diversity jurisdiction "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005); *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir.2005) (quoting 28 U.S.C. § 1441(b)); *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir.1981) (28 U.S.C. § 1441(b) "further limits jurisdiction based on diversity of citizenship by requiring that no joined and served defendants be a citizen of the state in which the action was initially brought"). Federal courts lack diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. *Hinkle v. Norfolk Southern Ry.*, No. 4:05-CV-1867, 2006 WL 2521445, (E.D.Mo. Aug. 29, 2006) (citations omitted). "[T]he violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" *Horton*, 431 F.3d at 605 (quoting *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1146 (8th Cir.1992)).

In this case, the parties do not dispute that Defendant Auto Hauling, Corp. is a citizen of Missouri. Likewise, the parties do not dispute that Auto Hauling, Corp. was not served at the time of removal. The primary bases of Defendant's opposition to remanding this action are complete diversity exists between plaintiffs

and all defendants, served and unserved, and the plain language of 28 U.S.C. § 1441(b) does not require the court to consider unserved defendants.

Plaintiff argues that Cottrell's removal is premature because it was effectuated prior to Cottrell's service, and that because Auto Handling, Corp. is a citizen of Missouri, the forum defendant rule precludes removal.

**Removal Before Service**

With regard to Plaintiffs' first argument, as courts have recognized, nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court. See 28 U.S.C. § 1441; *Johnson v. Precision Airmotive, LLC* 2007 WL 4289656, 2 -7 (E.D.Mo. 2007)(a notice of removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The "or otherwise" language in § 1446 provides a strong indication that Congress never intended to make a defendant wait until service before filing for removal.); *Delgado v. Shell Oil*, 231 F.3d 165, 177 (5th Cir.2000) (holding that service of process is not a prerequisite to removal); *Hutchins v. Bayer Corp*. 2009 WL 192468, * 6 (D.Del.,2009) ("it is noteworthy that the removal statutes expressly permit defendants to remove state court actions to federal court prior to service."); *Massey v. Cassens & Sons, Inc.*, 2006 WL 381943, at *1 (S.D.Ill. Feb.16, 2006) ("[N]othing in 28 U.S.C. §

1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court."); *Arthur v. Litton Loan Servicing*, 249 F.Supp.2d 924 (E.D.Tenn.2002) (Edgar, J.) (same); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572, 576 (S.D.Ala.1986) (Hand, J.) (same). In fact, at least one statute related to removal-28 U.S.C. § 1446-can be read to explicitly authorize the practice. See 28 U.S.C. § 1446(b) (providing that removal is proper within thirty days of a defendant's receipt, "through service or otherwise," of the relevant pleading or other document (emphasis added)); see also 28 U.S.C. § 1448 (diminishing the significance of pre-removal service by providing that service may be completed after removal in cases "in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective"). Plaintiffs cite no relevant authority suggesting that service is a prerequisite to removal. Accordingly, the Court declines to require that a removing defendant have received service prior to removal.

**Forum Defendant Rule**

Plaintiffs also argue that under the forum defendant rule, the Court should remand this case because they have named, but not served a Missouri citizen. This

Court must determine whether naming, but not serving, a citizen of the forum state precludes removal pursuant to 28 U.S.C. § 1441(b). The plain language of section 1441(b) precludes remand of this action. 28 U.S.C. § 1441(b). "Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") The Missouri citizen, Auto Hauling Corp., was not served at the time of removal. Thus, the limitation on removal in section 1441(b) does not apply. *Brake v. Reser's Fine Foods, Inc*. 2009 WL 213013, 1 -3 (E.D.Mo. 2009)("As held by the 'majority' of federal courts, this Court must apply the statute as written. Defendant properly removed this action and section 1441(b) does not provide a basis for remand."); *Johnson*, 2007 WL 4289656 (citing cases); see also *Vitatoe v. Mylan Pharms., Inc.,* 2008 WL 3540462, (N.D.W.Va. Aug. 13, 2008) (denying the motion to remand because plaintiff's "construction of § 1441(b) would require this Court to ignore the 'and served' language of the statute"); *Waldon v. Novartis Pharms. Corp., No*. 2007 U.S. Dist. LEXIS 45809 (N.D. Cal. June 14, 2007) (finding "no compelling reason to depart from the plain text of section 1441(b)"); *Massey* 2006 WL 381943, (S.D.Ill. Feb. 16, 2006) (noting that federal courts have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is joined and served at the time of removal)

## CONCLUSION

Based upon the foregoing analysis, there is complete diversity of citizenship between Plaintiffs and Defendants, and the Court therefore denies Plaintiffs' Motion for Remand.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Remand [Doc. No. 9], is **DENIED**.

Dated this 10th day of June, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE