UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY A. TAYLOR and<br>DEBORAH TAYLOR,<br><br>    Plaintiffs,<br><br>vs.<br><br>COTTRELL, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 4:09CV536 HEA<br>)<br>)<br>)<br>) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants Motion for Dismissal or Other Remedy [Doc. No. 91]. After consideration of the arguments and memoranda, the Court finds that the motion should be denied.

### **Facts and Background**

Plaintiffs bring this product liability case against Defendant Cottrell alleging that Plaintiff Timmy Taylor was injured when a tie down bar came loose while he was using a Cottrell auto transport trailer's chain and ratchet system in Indiana on October 1, 2007. Plaintiff also claims that the rig lacked adequate warnings that the tie down bars may become unsecured or come loose, subjecting users to an unreasonable risk of injury.

After Taylor's accident, Plaintiff filed an accident report stating that he was

tightening down B3 and the winch bar came out of ratchet. He states that he fell and got up and his left arm was tingling, neck and back were hurting. The Supervisor's report stated, in answer to the question: What can be done to prevent recurrence of this or a similar injury, "Make sure winch bar is in ratchet hole securely before pulling on bar."

There is no dispute that the tie down bar has not been produced by Plaintiff. Defendant argues that this failure to produce the bar for it to inspect requires dismissal of this action.

## Discussion

"Under federal law, 'there must be a finding of *intentional destruction* indicating a desire to suppress the truth.' *[Stevenson v. Union Pac. R.R. Co.,* 354 F.3d 739] at 746 (emphasis added) (citing, *inter alia, Lewy v. Remington Arms Co.,* 836 F.2d 1104, 1111–12 (8th Cir.1988) (citing federal law for the general proposition that the adverse inference instruction is appropriate only where the spoliation or destruction of evidence is intentional and indicates a fraud or desire to suppress the truth))." *Sherman v. Richem Co., Inc.*; see also, *Hallmark Cards, Inc. v. Murley,* 703 F.3d 456, 460 (8th Cir.2013)(To impose a sanction for spoliation of evidence, "there must be a finding of intentional destruction indicating a desire to suppress the truth."; *Greyhound Lines, Inc. v. Wade,* 485

F.3d 1032, 1035 (8th Cir.2007).

Nothing before the Court establishes that Plaintiff intentionally destroyed the tie bar or intent to suppress the truth. While Defendant strenuously argues that Plaintiff's intentions were to avoid production of the tie bar, Defendant's arguments are not supported by any evidence; Defendant's arguments are clearly an artful attempt to create ulterior motives that do not exist.

**Conclusion**

The Court has considered the memoranda of the parties regarding the nonexistence of the tie bar. There is no evidence whatsoever to support Defendant's contention that the tie bar was intentionally destroyed with a desire to suppress the truth. Defendants' Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Dismissal or Other Remedy,[Doc. No. 91], is denied.

Dated this 2nd day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE