UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMMY A. TAYLOR and )
DEBORAH TAYLOR, )
 )
    Plaintiffs, )
 )
vs. ) No. 4:09CV536 HEA
 )
COTTRELL, et al., )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cottrell's Motion to Bar Dr. Odor's Testimony, for Sanctions, to Dismiss for Fraud on the Court, [Doc. No. 334] and Defendant Auto Handling, Corp.'s Joinder in this motion, [Doc. No. 343]. Plaintiffs oppose the motions. The Court held a hearing on this matter, after which, the Court continued the trial in this matter. After consideration of the arguments and memoranda, the Court finds that the motion should be granted in part.

### **Facts and Background**

Defendants discovered that Dr. James Odor, Plaintiff's expert witness, and a treating physician who performed surgery on Plaintiff, and Plaintiff's counsel entered into an agreement that Dr. Odor's office would not get paid if Plaintiff did

not recover anything from this action. This arrangement was discovered by Defendant Cottrell through a notation on Plaintiff Timmy Taylor's records which were, after arduous attempts, produced to Defendant's counsel. Upon noticing a notation: "letter of credit," counsel deposed Ms. Weber regarding the meaning of the notation. Subsequent to her deposition, Ms. Weber has submitted an affidavit in which she avers that she "mistakenly and repeatedly misidentified 'letters of protection' as 'letters of credit' and 'letters of guarantee.'

## Discussion

Post-deposition affidavits are particularly subject to close scrutiny. It is well-established in the Eighth Circuit that an affidavit that directly contradicts earlier deposition testimony is insufficient to create a genuine issue of material fact. *Camfield Tires, Inc. V. Michelin Tire Corp.*, 719 F.2d 1361, 1362 (8th Cir. 1983); see, *Popoalii v. Correctional Medical Services, et. al.*, 512 F.3d. 488, 498 (8th Cir.2008).

> If an additional affidavit simply restates information already contained in deposition testimony or elaborates on information already conveyed, then the district court should consider the affidavit. Contradictory supplemental affidavits are a different matter. We have held that '[i]f testimony under oath ... can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment. A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.' Post-deposition contradictory affidavits are admitted only

when the prior deposition testimony shows confusion, and the subsequent affidavit helps to explain the contradiction."

*Popoali*i, at 498 (internal citations omitted).

Consideration should be given as to whether the deposition testimony reflects confusion on the part of the deponent/affiant, and the post-deposition affidavit is an attempt to explain the confusion or contradiction between the deposition testimony and the post-deposition affidavit(s). *City of St. Joseph v. Southwestern Bell Telephone*, 439 F.3d 468, 476 (8th Cir. 2006). Finally, the reviewing court may also examine all the circumstances surrounding the filing of the post-deposition affidavit(s), including the timing of the filing of the affidavit, in determining whether it is a sham. *City of St. Joseph*, at 476.

Upon careful consideration of the pleadings, the circumstances surrounding the filing of Ms. Weber's affidavit, including its timing, *i.e.*, in response to Defendants' Motion to Bar Dr. Odor's testimony, the Court agrees with Defendants that Ms. Weber's subsequent affidavit is an attempt to avoid her deposition testimony and not to avoid confusion. The affidavit, is therefore, stricken.

With respect to the claim that there exists a contingency arrangement with Dr. Odor, and therefore his testimony should be barred, the Court is dismayed at

the events detailed in Defendant's Motion. Clearly, a contingency fee arrangement with an expert witness raises grave fairness and fair play considerations. Where the payment of the expert is contingent, the witness' own interest will become intensified, and the reliability of the testimony and impartiality of the expert's position will be significantly weakened.

Section 117 of the Restatement (Third) of The Law Governing Lawyers provides, in relevant part,:

A lawyer may not offer or pay to a witness any consideration:

(2) contingent on the content of the witness's testimony or the outcome of the litigation

Comment c. details further:

> Compensating an expert witness. A fee paid an expert witness may not be contingent on the content of the witness's testimony or *the result in the litigation*. On a lawyer's liability for an expert's fee, see § 30(2)(b). On a lawyer's advancing the costs of litigation, see § 36(2). An opposing party may inquire into the fee paid to an expert or other witness in order to impeach the testimony of the witness. The prohibition against contingent compensation does not apply to an expert retained only to consult and not to testify or otherwise provide evidence.

*Id*. (Emphasis added).

Plaintiffs argue that the arrangement detailed in the pleadings is not a contingency arrangement, rather, it is more in tune with a lien on recovery in the

event Plaintiffs do not pay Dr. Odor's fee.[1] The Court is unpersuaded by Plaintiffs creative characterization. Indeed, as "a rose by any other name would smell as sweet,"[2] a contingency fee agreement with an expert witness by any other name smells as sour.

The Court finds that the best course of action here is to exclude the testimony of Dr. Odor as an expert witness. The fact that Dr. Odor's opinions were rendered when he had a direct financial interest in the outcome of this action, raises serious questions about the integrity of his expert testimony.

## Conclusion

The Court has considered the arguments and memoranda of the parties regarding the contingency arrangement with Dr. Odor. Defendants' Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell's Motion to Bar Dr. Odor's Testimony, for Sanctions, to Dismiss for Fraud on the Court, [Doc. No. 334] and Defendant Auto Handling, Corp.'s Joinder in this motion, [Doc. No.

---

[1] Interestingly, there exists conflicting information on the amount of the fee. While it was billed by Dr. Odor and his surgery center as $450,000, Defendant has presented evidence that the amount Dr. Odor agreed to accept as his payment was $41,000. The Court queries whether this difference raises further ethical considerations.

[2] Dialog from "Romeo and Juliet" by William Shakespeare.

343], are granted in part.

**IT IS FURTHER ORDERED** that Dr. James Odor is barred from testifying in this matter.

Dated this 4th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE