UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY A. TAYLOR and DEBORAH TAYLOR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:09CV536 HEA ) |
| COTTRELL, et al., | ) ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cottrell, Inc.'s Motion for Summary Judgment on Counts VII through XII on Failure of Proximate Cause, [Doc. No. 98], Motion for Summary Judgment on Counts VIII through XII Pursuant to Indiana's Incurred Risk Doctrine and Consumer Expectation Test, Motion for Summary Judgment on Duty, Contract Specifications, Failure to Warn and Statue of Limitations on Warranty Claims, [Doc. No. 143], Motion for Summary Judgment on Disclaimer of Warranty Grounds, [Doc. No. 146], and Defendant Auto Handling Corp.'s Motion for Summary Judgment on Counts V, VII, XI and XIII, [Doc. No. 137]. The Court has considered the arguments and memoranda, and finds as follows:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary

judgment may be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. Rule 56; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleading but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e).  In determining summary judgment, the facts and the inferences from those facts are viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).  At the summary judgment stage, courts do not weigh the evidence and decide the truth of the matter, but rather determine if there is a genuine issue for trial.  *Anderson,* 477 U.S. at 249.  Rule 56(c) mandates the entry of summary judgment against a party, if after adequate time for discovery, that party fails to make a showing sufficient to establish the existence of an essential element of the case that the party will have the burden of proving at trial.  *Celotex*, 477 U.S. at 322-23

    The court has reviewed the record before it.  This case involves alleged

injuries on a car hauler wherein Plaintiff Timmy Taylor alleges that Cottrell's rig was unreasonably dangerous and Auto Handling's employees failed to properly maintain the rig. Plaintiffs claim Defendants are liable for the injuries Plaintiff Timmy Taylor sustained as a result of his falls.

Defendants contend they are entitled to summary judgment on several issues: duty to Plaintiff, contract specifications, failure to warn and the statute of limitations contained in its warranty, disclaimer of warranty, proximate cause, the Indiana incurred risk doctrine and Consumer expectation test.

Based on the entire record, the Defendants are not entitled to summary judgment. Considering all of the facts, together with inferences to be drawn therefrom, it appears that genuine disputes of material fact remain. Summary judgment is therefore, not appropriate at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment, [Doc. No.'s 98, 99, 137,143, and146], are denied.

Dated this 10th day of February, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE