UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMMY A. TAYLOR, and DEBORAH )
TAYLOR, )
 )
    Plaintiffs, )
 )
v. ) No. 4:09-cv-536 HEA
 )
COTTRELL, INC., and AUTO HANDLING )
CORP., )
 )
    Defendants. )

**PLAINTIFF'S TRIAL BRIEF**

**A. Introduction**

Plaintiffs feel virtually all issues in this case have been briefed and will submits only the following to address anticipated trial issues.

**B. Evidence Of Other Injuries**

Under Missouri law evidence of similar injuries to foreseeable end users of products is admissible in a product liability action: (1) to establish prior notice of defects by a defendant; (2) to establish the defective nature of the product; (3) to establish a defendant was negligent in not knowing of the prior injuries; and/or, (4) under the doctrine of curative admissibility to clarify the evidence or record if a party infers that there were no prior lawsuits or injuries.  Hicks v. Six Flags Over Mid-America, 812 F.2d 1311 (8th Cit. 1987); Hess v. Chicago Rock Island & Pacific Railroad Company, 479 S.W.2d 425 (Mo.Sup.Ct. 1972); Stacy v. Truman Medical Center, 836 S.W.2d 911 (Mo.banc 1992); State ex rel Kawasaki Motors Company v. Ryan, 777 S.W.2d 247

(Mo.App.E.D. 1989). Furthermore, evidence of prior complaints of a purportedly dangerous condition along with evidence of a lack of remedial measures by the responsible party is relevant and admissible to establish that users of the dangerous item may be likely to be oblivious to the dangerous condition. Grothe v. St. Louis-San Francisco Railway Company, 460 S.W.2d 711 (Mo.Sup.Ct. 1970). Finally, under Missouri law any evidence can become admissible by estoppel under the appropriate circumstances. See Mische v. Burns, 821 S.W.2d 117 (Mo.App.W.D. 1991). Illinois law is the same. See cases discussed below and *Brdar v. Cottrell, Inc.*, 372 Ill.App.3d 690, 867 N.E.2d 1085 (5th Dist. 2007)(the Court affirmed verdict holding Cottrell's ratchet and chain tie down system defectively designed and that the force levels were excessive).

## 1. Degree of Similarity Of Circumstances Required

Under Missouri law in order to ascertain the degree of similarity of circumstances required to render evidence of other injuries relevant, the Court must look to the issue for which the evidence is offered. Missouri law is clear that if the evidence is being offered to establish prior notice to the defendant of the defective condition of the product, the degree of similarity of circumstances of the prior incidents is "less demanding." In Stacy v. Truman Medical Center, the Missouri Supreme Court stated:

> "Where the theory of recovery is negligence, any knowledge or warning that defendant had of the type of accident in which plaintiff was injured clearly aids the jury in determining whether a reasonably careful defendant would have taken further precautions under all the facts and circumstances, which include the knowledge of defendant of prior accidents. Moreover, the degree of similarity required for evidence that constitutes notice to defendant of prior similarity required for a series of prior accidents offered to show that the same accident occurred on the occasion in issue . . . Since all that is required is that the previous injury or injuries be such as to call defendant's attention to the dangerous situation that resulted in the litigated accident, the

2

> similarity in the circumstances of the accident can be
> considerably less than that which is demanded when the same
> evidence is used for one of the other valid purposes."

Stacy, supra. at 836 S.W.2d 926 (emphasis added).

It is expected in the present case that defendants at the time of trial will attempt to bar evidence of the prior and subsequent injuries unless the plaintiff can establish that the injuries are identical in every way, shape and form as the injury in question. The Missouri Supreme Court in Stacy, supra., rendered it clear that plaintiff's burden of proof is not as defendants may suggest where the evidence is being offered, as in the present case, to establish the knowledge or warning that the defendants had of the type of accident in question.

It is further expected that defendants will attempt to preclude the introduction of testimony of prior similar injuries if the prior similar injuries occurred only shortly prior to the date of plaintiff's alleged injury. The Stacy Court specifically addressed this issue where it stated:

> "We reject TMC's contention that this notice was meaningless
> and therefore inadmissible because no public hospital could,
> within the twelve day period between the two fires, have
> designed and installed a smoke detector system. TMC's
> contention goes to the weight and not to the admissibility of this
> evidence. The issue of what precautions, if any, TMC could have
> taken in the twelve days was for the jury."

Id. at 926-27.

The degree of requisite similarity of other injuries, when offered to establish the defective condition of a product, requires an ascertainment by the Court as to the defects which are in issue. See State ex rel Martel v. Gallagher, 797 S.W.2d 730 (Mo.App.E.D. 1990); State ex rel Kawasaki Motors Corporation v. Ryan, 777 S.W.2d 247

3

(Mo.App.E.D. 1989); and Pierce v. Platte-Clay Electric Cooperative, Inc., 769 S.W.2d 769 (Mo.banc 1989). In Kawasaki, supra., the Court noted that the relevancy of prior injuries involving allegedly defective products <u>is not limited to the identical product model</u> but may extend into design features of "similar models." Id. at 253. The Kawasaki Court acknowledged the holding in Culligan v. Yamaha Motor Corporation USA, 110 F.R.D. 122 (S.D.N.Y. 1986) but distinguished the Culligan Court holding by stating "the decision was based on the fact that the record revealed no pertinent differences between the model in issue and other models." In the present case, the defendants admit the ramps were the same on virtually every trailer. Plaintiffs' counsel submits that any effort to establish dissimilarities by the defendants misses the issue as minor distinguishing features on unrelated areas of the trailer are completely irrelevant to the issue presented. Additionally, the Court in Vinyard v. Vinyard Funeral Home, Inc., 435 S.W.2d 392, 397 (Mo.App. 1968) stated, in response to defendant's argument that other injuries must be limited to an identical ramp to be admissible: "we cannot follow defendant's argument that, in order for the testimony to be admissible, it was necessary to make a showing that all of the persons, including plaintiff, slipped at precisely the same place on the ramp's surface." Id.

Illinois law is the same. In Lee v. Chicago Transit Authority, 152 Ill.2d 432, 605 N.E.2d 493 (1992), the Illinois Supreme Court addressed an injury which occurred on October 21, 1977. *Id.* at 497. According to the published decision by the Illinois Supreme Court the evidence and testimony presented at trial regarding similar injuries included reports going back 29 years to 1948. *Id.* at 712. In Templeton v. Chicago & Northwestern Transportation Company, 194 Ill.Dec. 945, 628 N.E.2d 442 (1st Dist.

4

1993), the Court held evidence of prior accidents may be introduced to show notice of the existence of a dangerous condition and if offered for that purpose the admissibility of such is not dependent on any factual similarity between the accidents. Templeton at 628 N.E.2d 446. Citing Rittenhouse v. Tabor Grain Company, 203 Ill.App.3d 639, 649, 561 N.E.2d 264 (1st Dist. 1990). The Templeton Court reiterated the general rule regarding the admissibility of prior accidents as summarized in Ray v. Cock Robin, Inc., 10 Ill.App.3d 276, 282, 293 N.E.2d 483, 487 ("to show the cause of accidents was the unsafe condition or thing and that frequency of such accidents tends to show knowledge of such condition."). *Templeton*, supra., at 446. The *Templeton* Court further held evidence of even dissimilar prior accidents is relevant to the issue of whether the defendant knew the accident cite was generally hazardous. *Id.* The *Templeton* Court stated that "if the evidence of similar accidents is being offered only to show the defendant's notice of generally hazardous condition of the accident site, then the proponent does not have to establish a foundation showing similarity in the prior accident and the present accident." *Id.* citing Henderson v. Illinois Central Gulf Railroad Company, 114 Ill.App.3d 754, 549 N.E.2d 942 (1st Dist. 1983). In *Templeton*, supra., at 444-45, the Court affirmed the determination to permit evidence of other injuries of falls from bridges across the United States. See also Rucker v. Norfolk & Western Railway Company, 77 Ill.2d 444, 396 N.E.2d 534, 537-38 (1979) permitting evidence of 42 prior accidents to show defect as such "need not be shown that the accidents occurred in an identical manner."

In Mikus v. Norfolk & Western Railway Company, 312 Ill.App.3d 11, 726 N.E.2d 95 (1st Dist. 2000), the Court noted the general rule that the plaintiff can introduce evidence of any accidents regardless of similarity if plaintiff alleges the accident site is of

5

a generally hazardous condition. The Court also held such records and evidence are relevant in a situation where the defendant opens the door to such at trial. *Id.*

In <u>Bass v. Cincinnati, Inc.</u>, 180 Ill.App.3d 1076, 536 N.E.2d 831 (1st Dist. 1989), the Court noted evidence of even post accident similar occurrence or injuries involving the same or substantially similar products are properly admitted in a product liability action to show a product is defective and discovery should be allowed to establish this point. *Id.* at 833-34. Thus, it is clear records of similar injuries occurring after a plaintiff's injuries are likewise admissible. The *Bass* Court stated it is common sense that the higher the number of accidents involving a product, the more likely it is that the product is the cause of the accidents, and is dangerous or defective. It matters little whether the accident occurred prior to or subsequent to the accident at issue. *Id.* The *Bass* Court similarly held:

> "In light of the fact that Illinois Courts have allowed evidence of prior accidents to be used to show the dangerousness or defectiveness of products, we must hold that evidence of similar post-accident occurrences or injuries involving the same or substantially similar products may be admissible to establish the dangerousness or defectiveness of a product."
> *Id.*

See also <u>Holmes v. Sahara Coal Company</u>, 131 Ill.App.3d 666, 475 N.E.2d 1383 at 1387 (5th Dist. 1985) (prior accident involving different model machine that was similar held admissible); <u>Gowler v. Ferrell-Ross Company</u>, 206 Ill.App.3d 194, 563 N.E.2d 773, 778 (1st Dist. 1980)(Evidence of subsequent accidents admissible).

Evidence of similar injuries specific to auto carrier cases such as the present action have, in fact, been the subject of published decisions including decisions by the an Illinois Appellate Court. In <u>Brdar v. Cottrell</u>, 372 Ill.App.3d 690, 867 N.E.2d 1085 (5th

6

Dist. 2007), the Appellate Court confirmed a verdict brought against the same defendant, Cottrell, as in the present case on a compensatory damages claim involving the same ratchet and chain system as at issue in the present action. A major issue in the Brdar opinion related to the "18 different documents" Cottrell claimed were hearsay and should not have been admitted. The Brdar Court, supra. at 867 N.E.2d 10097-89, specifically rejected Cottrell's arguments and held such documents were properly admitted "for the non-hearsay purpose of showing that Cottrell had notice of the flaws in its chain-and-ratchet system." Those particular 18 documents, as Cottrell well knows, include documents going as far back as 1968. The reports span many decades and thoroughly document that fact that the chain and ratchet tie down system is unreasonably dangerous and that Cottrell knew of such dangers. But Cottrell, in an attempt to preclude the jury from hearing of such well documented facts, seeks to preclude plaintiffs here from obtaining any specific injury records. This position of Cottrell is attributable to its quest to avoid the same punitive damages issue as addressed in Brdar, supra. Thus, the Court in Brdar determined the scope of relevant discovery for claims such as the present action for purposes of showing notice goes back to at least 1968 for reports which summarize injuries. Similar to other published decisions involving auto carrier trailers, the Court in Kleweis v. Transport Support, Inc., 972 F.Supp. 494 (E.D. MO 1997)(specifically noted that records of other injuries including "622 drivers where injured while using the ratchet system of Delavan trailers" in 1990 was relevant to show fault by the keeper of such records in failing to share the information from such records.

Likewise in Torbit v. Ryder System, Inc., 416 F.2d 898 (8th Cir. 2005), the Eighth Circuit affirmed this Honorable Court's ruling that the court properly admitted evidence

7

of other injuries involving the ratchet and chain tie down system including a summary of 3,459 injuries from tying/untying the ratchet systems between 1987 and 1995 and 1,184 injuries in 1979 from tightening or loosing chains. See also Ford v. GACS, Inc., 265 F.3d 670 (8th Cir. 2001) (evidence of over 200 ratchet and chain related injuries per year). See also Pritchett v. Cottrell, Inc., 512 F.3d 1057 (8th Cir. 2008).

## 2. Evidence Of Other Injuries To Establish Defective Nature Of Product

In Missouri, Illinois and in most jurisdictions, admission of other accidents is allowed to establish the defective nature of the product in question. See Annotation: "Products Liability: Admissibility Of Evidence Of Other Accidents To Prove Hazardous Nature Of Product," 42 ALR 3d 780 (1992 Sup.), and cases cited therein; Orr v. Shell Oil Company, 177 S.W.2d 608, 352 Mo. 288 (1943). Missouri follows the majority rule that with regard to admissibility of such accident, there is no distinction between prior accidents and subsequent accidents, "because the main concern is not the admissibility of such evidence on the question of notice to defendant of the dangerous propensities but merely the admissibility of evidence on the question of the existence of dangerous propensities." See 42 ALR 3d at 784; Maybach v. Falstaff Brewing Corporation, 222 S.W.2d 87, 359 Mo. 446 (1949); and, Albers Milling Company v. Carney, 341 S.W.2d 117 (Mo.Sup.Ct. 1960). Illinois is the same. Bass, *supra*.

With regard to the degree of similarity required when the other accidents are being offered to establish a defective nature of the product, our Courts have not required that the other occurrences be identical in nature but merely substantially similar. See

8

Albers Milling Company, supra., and Wood v. St. Louis Public Company, 246 S.W.2d 807 (Mo.En.banc. 1952).

Finally, the Missouri Supreme Court has rendered it clear that it is reversible error for a trial court to refuse to admit evidence of similar injuries. Albers Milling Company, supra. at 123 (and cases cited therein.)

In summation evidence of other injuries is admissible in this proceeding: (1) to establish prior notice of defect by a defendant; (2) to establish defective nature of the product in question; (3) to establish defendants were negligent in failing to learn of the prior accidents; (4) under the doctrine of curative admissibility if a defendant infers through evidence that there were no prior injuries; (5) to establish defendants knew or should have known that end users may be likely to be oblivious to the dangerous condition; or, (6) by estoppel. The degree of similarity required depends upon the issue for which the evidence is being offered. If offered to show notice, a much lessened degree of similarity is required. If offered to show defective nature of the product the proponent of the evidence need only establish that the other occurrences were substantially similar, not identical in every aspect, to meet his burden. Based upon the foregoing, evidence of the other injuries should be allowed.

### C. Hearsay Aspects Of Other Claims

In Vinyard v. Vinyard Funeral Home, Inc., 435 S.W.2d 392 (Mo.App. 1968) the Court unequivocally held that where evidence, through hearsay, is offered to establish a defendant's knowledge of a dangerous condition, is not subject to a hearsay objection if offered to establish the knowledge of the defendant. The Court stated "where, regardless of the truth or the falsity of a statement, the fact that it has been made is relevant the

9

hearsay rule does not apply, but the statement may be shown. Evidence as to the making of such statement is not secondary but primary, for the statement itself may constitute a fact in issue or be substantively relevant as to the existence of such a fact." Id. at 396, citing Miller v. Brunson Construction Company, 250 S.W.2d 958 (Mo.Sup.Ct.). In Brdar v. Cottrell, supra, the appellate court similarly held in the context of Cottrell trailers. Brdar, supra.

Based upon the foregoing, any assertions by the defendants that evidence of other lawsuits or injuries must be presented only by testimony from the injured party are without merit. Hence, the evidence should be admitted.

## D. Training/Warnings That Never Reached Plaintiff

"A warning, no matter how well stated or placed, is inadequate if it has no reasonable likelihood of reaching a foreseeable user and, thereby performing its intended function of risk reduction." Brown v. Bay State Abrasives, 821 S.W.2d 531 (Mo.App. 1991). In Brown, the plaintiff's expert testified that the product, a grinding wheel, contained inadequate warnings. On cross-examination, the trial court allowed the defendant manufacturers to question the plaintiff's expert about provisions of the American National Standard Institute Safety Code ("ANSI") B7.1, including ANSI's warnings against using the grinding wheel in the manner in which plaintiff had used it. The trial Court reasoned that, although the ANSI B7.1 was not provided to the plaintiff's employer and was not on the employer's premises, it was referenced in the warning on the wheel and, therefore, it was part of the warning. The Appellate Court reversed, holding that the warning was inadequate:

> "The language referring to ANSI is not, in the present case, adequate to serve as a warning. No copy of ANSI was provided

10

> to appellant's employer and no copy existed at employer's location. This Court will not open up a gaping loophole in failure to warn cases by permitting manufacturers to rely on general language that provided just enough information for the users to scurry off to the nearest public library and research the dangers of a product themselves. Manufacturers may not place the duty of discovering the dangerous proclivities of their products on the user's research abilities. To so hold would unduly encumber the requirement that a warning have a reasonable likelihood of reaching the foreseeable user of the product."

Id. at 534.

Similarly, in the instant case, any reference by defendants to training videos or manuals should not be admissible unless and until defendants first establish it was a proper warning or instruction and plaintiff was specifically aware of it.

### E. Subsequent Remedial Measures

Without question, the defendants manufactured trailers with upper deck handrails of various types. F.R.D. 407 generally disallows evidence of such actions but specifically states that "this rule does not require the exclusion of evidence of subsequent measures when offered for another purpose such as proving ownership, control or feasibility of precautionary measures controverted, or impeachment." (emphasis added).

There is no question that the feasibility of precautionary measures is an issue in this action. Furthermore, another main issue in this action is the ability of the product manufacturer or the other defendants to control plaintiff's employer. Therefore, subsequent remedial measures should be admitted in this action on that basis alone.

The policy against admission of subsequent remedial measures is inapplicable if the repairs are made by a third-party as, in the present action, by plaintiff's employer, or other non-parties. See O'Dell v. Hercules, Inc., 904 F.2d 1194, 1204 (8th Cir. 1990); Eagleton v. Harris Press & Shear, Inc., 797 F.2d 747, 751-52 (5th Cir. 1986); and, Farner

11

v. Paccar, Inc., 562 F.2d 518, 528 (8th Cir. 1977). Furthermore, the Eighth Circuit has repeatedly held that the subsequent remedial measures exclusion is inapplicable in strict liability cases such as the present action. Unterburger v. Snow Company, 620 F.2d 599, 603 (8th Cir. 1980); Farner, supra. at 528; Robbins v. Farmers Union Grain Terminal Association, 552 F.2d 788, 793-94 (8th Cir. 1977); R.W. Murray Company v. Shatter Proof Glass Corp., 758 F.2d 266 (8th Cir. 1985).

### F. Medical Course Of Treatment/Hearsay

Testimony by the plaintiff pertaining to statements by physicians is not deemed hearsay if offered to establish the course of medical treatment received. Suchara v. St. Louis Public Service Company, 410 S.W.2d 93 (Mo.App. 1966).

### G. Sudden Onset Doctrine

Under the sudden onset doctrine expert medical testimony concerning the cause of a plaintiff's injuries is not necessary where the facts in evidence reasonably permit an inference by a jury of lay persons, without the aid of a medical expert, that a particular incident was the proximate cause of an injury. Fischer v. Famous-Barr Company, 618 S.W.2d 446 (E.D. 1981); Harrison v. Weller, 423 S.W.2d 226, 230-231 (Mo.App. 1967) (broken ribs developed concurrently with the trailer collision),

### H. Admissions From Other Lawsuits

Depositions from other lawsuits as well as answers to interrogatories and pleadings from other lawsuits may be used as evidence as an admission against the party who made said admission. Kleweis v. Transport Support and Ryder System, Inc., 972 F.Supp. 494, 497 (E.D. Mo. 1997); Eglehoff v. Holt, 875 S.W.2d 543, 551, (Mo.banc. 1994); Waters v. Barbie, 812 S.W.2d 753 (W.D. 1991). Hence, depositions and

interrogatory answers by defendants from other actions are admissible in this case. FRE 840(B)(1) provides that "testimony given as a witness in another hearing or in a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is offered or, in a civil action or proceeding, a predecessor in interest had an opportunity and similar motive to develop the testimony by direct, cross or re-direct examination . . ." It is "not excluded by the hearsay rule if the declarant is unavailable as a witness." See DeLuryea v. Winthrop Laboratories, 697 F.2d 222, 227 (8th Cir. 1983). There is no requirement that the party had the same attorney at both proceedings. Id. Hence, deposition testimony from other products liability actions including these defendants is certainly admissible in this action.

## I. Absence Of Other Similar Injuries

Evidence that no accidents occurred with other machines is improperly admitted in a products liability action in the absence of a showing that the machines and circumstances of their use was substantially similar to plaintiff's. Walker v. Trico Manufacturing Company, 487 F.2d 595, 599-600 (7th Cir. 1973); Mcjunkins v. Windham Power Lifts, Inc., 767 S.W.2d 95, 100 (S.D. 1989). The instant defendants have repeatedly admitted that this information is not available to them as they allowed for the destruction of their computer data base in Detroit. Additionally, the absence of similar injuries is not relevant to establish the absence of a dangerous condition. Schillie v. Atchison Topeka & Santa Fe Railway Company, 222 F.2d 810 (8th Cir. 1955); Dunn v. Wal-Mart Stores, 909 S.W.2d 728 (S.D. Mo. 1995); Watkins v. Toro Company, 901 S.W.2d 917 (E.D. Mo. 1995); See also Annot. "Admissibility Of Evidence Of Absence

Of Other Accidents Or Injuries At Place Where Injury Or Damage Occurred" 10 ALR 5th 371.

To establish a proper foundation for a lack of similar injuries or a small number of similar injuries the defendants must first establish an injury reporting policy for such injuries. Savant v. Lincoln Engineering, 899 S.W.2d 120, 122 (E.D. Mo. 1995). Here defendants had such injury reporting policy but owing to the destruction of their computer system in Detroit they cannot state how many injuries were reported - - only that some were. As such, they cannot say how many upper deck falls did not occur. See Schillie, supra.

### J. Notice To Attorney

Notice of prior injuries or lawsuits to any attorneys retained by the defendants to this action constitutes, as a matter of law, notice of said injuries and lawsuits to the client. Celestine v. Veterans Administration Hospital, 746 F.2d 1360 (8th Cir. 1984). By law, knowledge of the attorney is imputed to the client. Bayne v. Jenkins, 593 S.W.2d 519 (Mo. 1980).

### K. Computerized Injury Statistics Relied Upon By Defendant

In the present action, through the use of independent investigative efforts by plaintiffs' counsel, computerized injury statistics generated by one or more of the defendants have been acquired. It has been learned, by admission of Cottrell's own employee that those injury statistics were, in fact, utilized in the design of the Delavan trailers. Cottrell, on the other hand, went out of its way to avoid possession of injury records. Given that Cottrell's competitors themselves utilized those statistics, introduction of those statistics into evidence should be allowed to establish either: (1)

14

industry knowledge; (2) information defendant knew existed but ignored; or (3) defendants' neglect in failing to undertake its own similar studies. Defendants's employee admits that the injury statistics were sufficient to utilize in the analysis of the safety features and, as such, should not now be heard that the statistics are too vague to allow the jury to consider them. Such computerized data is evidence is relevant to prove notice to the defendants of the inadequacies of their procedures. On this issue it is "highly relevant." State ex rel Stolfa v. Ely, 875 S.W.2d 579, 581-82 (W.D. Mo. 1994). Further, evidence of data found in a defendant's possession, including a defendant's library, is relevant to show notice to a defendant. Ball v. Burlington Northern, 672 S.W.2d 358 (E.D. Mo. 1984).

Under Missouri law if a product manufacturer is "justifiably ignorant" of a design defect in its product there is no negligence in the failure to guard against it. Johnston v. Upjohn Company, 442 S.W.2d 93 (Mo.App. 1969). Under Missouri law, strict liability focuses upon the product itself while negligence focuses on the conduct of the manufacturer. Sperry v. Bauermeister, Inc., 804 F.Supp. 1134 (E.D. Mo. 1992) affirmed, F.3d 596. Under a negligence theory the acts or omissions of the manufacturer and the existence of knowledge and fault are relevant considerations. Spouhl v. Shirley, Inc., 795 S.W.2d 573 (Mo.App. 1990). In a strict liability claim the focus is on the product itself while in a negligence claim the focus is on the acts, omissions and knowledge of the manufacturer. Spouhl, supra. Constructive knowledge of the danger is sufficient to impose a duty upon the manufacturer. Karjala v. John-Mansville Products Corporation, 523 F.2d 155 (C.A. Minn.); Indiana National Bank of Indianapolis v. DeLaval Separator

Company, 838 F.2d 674 (C.A. Ind.); Robinson v. Deck, 33 Ill.App.3d 71, 337 N.E.2d 316.

In the present action, injury statistics are and were, without question, available to and utilized by the defendants. Plaintiffs' counsel learned, through independent investigative efforts, that defendants had actual knowledge of the statistics from 1990. The deposition of a former supervisor for that defendant, who now works for a competitor, clearly establishes that those statistics were, in fact, supplied for prior years as well but these were destroyed.

Missouri law clearly requires the product manufacturer to exercise reasonable care in the manufacture and design of its products. The defendants were specifically advised as early as 1968 that upper deck handrails were recommended to reduce injuries to users of Delavan trailers. Defendants disregarded that recommendation and, in fact, destroyed subsequent documentation of injury statistics supplied to it. The destruction of those documents, without any further effort to investigate by the defendants, in and of itself constitutes, at minimum, negligence. It clearly gave defendants "reason to know" of the alleged defect. MAI 25.10(A) ("Fifth, defendant knew or had information from which defendant, in the exercise of ordinary care, should have known of such dangerous condition").

## K. Conclusion

Plaintiffs do not expect, at this time, that other legal issues are in need of briefing. However, plaintiffs reserve the right to submit supplemental authority to the Court as deemed necessary.

WENDLER LAW, P.C.

By   /s/ Brian M. Wendler
     Brian M. Wendler, #39151MO
     900 Hillsboro, Suite 10
     Edwardsville, IL 62025
     Phone: 618-692-0011
     Fax: 618-692-0022
and
ARMBRUSTER, DRIPPS, WINTERSCHEIDT
  & BLOTEVOGEL, LLC
     Charles W. Armbruster, III #40027
     P.O. Box 8338
     219 Piasa Street
     Alton, IL 62002
     (800) 917-1529
     fax (800) 927-1529

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with a copy being sent by the Court this 21 day of March, 2014, to the following:

Dan Carpenter
Amy Lorenz Moser
Armstrong, Teasdale LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105
*Attorney for Cottrell, Inc.*

Paul Wickens/
William Logan
Foland, Wickens, Eisfelder,
Roper & Hofer, P.C.

911 Main Street, Suite 3000
Kansas City, MO 64105
*Attorney for Auto Handling Corporation*

                                              /s/Brian M. Wendler