UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY A. TAYLOR and DEBORAH TAYLOR, ) ) ) Plaintiffs, ) ) vs. ) ) COTTRELL, INC., and AUTO HANDLING CORPORATION, ) ) ) Defendants. ) | Case No. 4:09CV536 HEA |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Rule 54(b) Express Determination that there is No Just Reason for Delay to Allow Appeal, or in the Alternative, for Order Enabling Appeal Pursuant to 20 U.S.C. 1292(b), Combined with Request for Entry of Order Staying Proceedings in this Court and Vacating Trial Date until Resolution of Appellate Process,, [Doc. No. 414]. Defendants have no objection to the entry of an order allowing an interlocutory appeal. For the reasons set forth below, the Motion is granted.

Plaintiffs brought this action against Defendants for physical injuries allegedly sustained by Plaintiff Timmy A. Taylor. Plaintiffs base their claims on alleged defects in Defendants' products, and certain failures to warn of said defects.

On February 4, 2014, the Court entered an Order barring one of Plaintiffs' experts from testifying based on a finding that the expert had entered into a contingency agreement with Plaintiffs. On March 26, 2014, the Court granted Defendants' Motion in Limine to bar any evidence of Plaintiffs' alleged damages or to Dismiss Claims based on use of the stricken expert's records.

Plaintiffs now seek entry of immediate judgment or alternatively, a certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

The Court denies Plaintiffs' request for Rule 54(b) judgment.

> When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. The court " 'must first determine that it is dealing with a final judgment .... in the sense that it is an ultimate disposition of an individual claim.' " *Outdoor Cent.*, 643 F.3d at 1118 (quoting *Curtis–Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Second, "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *Id.* (citation and quotation marks omitted). "Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.' " *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir.1983) (per curiam) (citation omitted).

*Williams v. County of Dakota, Neb.*, 687 F.3d 1064, 1068 (8th Cir. 2012), citing *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115 (8th Cir.2011). The Court's concludes, after review of the record, arguments, equities of the situation

and judicial administrative interests, in particular, the interest in preventing piecemeal appeals, that an Order under Rule 54(b) is not warranted.

Section 1292(b) provides the requirements necessary for certification of an interlocutory order for appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This provision sets forth three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994). Specifically, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id.* See also *Lloyd's Acceptance Corp. v. Affiliated FM Ins. Co.* ___Fed.Appx.___, 2014 WL 903374 (8th Cir. 2014). The Eighth Circuit has also emphasized that "it is the policy of

the courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White,* 43 F.3d at 376. *See also Control Data Corp. v. International Business Machines Corp.,* 421 F .2d 323, 325 (8th Cir.1970) ("It has, of course, long been the policy of the courts to discourage piecemeal appeals...."). In accordance with the policy of discouraging interlocutory appeals, "§ 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation...." *White,* 43 F.3d at 376. In reaching this determination, the burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." *Id.* It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.* A district court's grant of interlocutory appeal must be in writing, and must state the basis for the interlocutory appeal. *Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (D.Wis.1985) ("he shall so state in writing in such order."). Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

The Court agrees with the parties that the requirements of 28 U.S.C. §

1292(b) have been met in this matter.[1] The Court finds the following issues involve controlling questions of law as to which there is substantial grounds for difference of opinion:

Whether a doctor who will not be paid for his services rendered to Plaintiff if Plaintiffs do not recover in the litigation should be barred from testifying;

Whether, after a doctor has been so barred from testifying, that same doctor's records, absent any other valid objection, can be admitted into evidence;

Whether granting a motion in limine can serve as a means for the effective dismissal of claims;

Whether medical causation can be established by a treating physician who was not the primary treating physician for a plaintiff;

Whether medical causation can be established by records certified pursuant to Rule 902(11).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Take Interlocutory Appeal Pursuant to 28 U.S.C. § 1292, [Doc. No. 414], is granted.

**IT IS FURTHER ORDERED** that the Court certifies the above questions

---

[1] The Court makes no determination of the timeliness of Plaintiffs' Section 1292(b) with respect to the February 4, 2014 Opinion, Memorandum and Order standing alone, as the Motion was not filed within ten days from the entry of that Opinion.

for interlocutory appeal pursuant to 28 U.S.C. § 1292(b);

**IT IS FURTHER ORDERED** that Plaintiff's request to vacate and stay these proceedings until there is a resolution of the appellate process is granted.

**IT IS FURTHER ORDERED** that the Trial Setting of March 31, 2014 is vacated.

Dated this 28th day of March, 2014

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE