UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY A. TAYLOR and DEBORAH TAYLOR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV536 HEA ) |
| COTTRELL, INC., and AUTO HANDLING CORPORATION, | ) ) ) ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cottrell's Motion to Sever under Rule 21, for Entry of Final Judgment on 1/12/10 Fall Claim, to Stay 10/1/07 Ratchet Claim, and to Vacate 7/21/2014 Trial Date Pending Appeal of the 1/12/10 Fall Claim, [Doc. No. 436]. Plaintiffs object For the reasons set forth below, the Motion is granted.

Plaintiffs brought this action against Defendants for physical injuries allegedly sustained by Plaintiff Timmy A. Taylor. Plaintiffs base their claims on alleged defects in Defendants' products, and certain failures to warn of said defects.

On February 4,2014, the Court entered an Order barring one of Plaintiffs' experts from testifying based on a finding that the expert had entered into a

contingency agreement with Plaintiffs. On March 26, 2014, the Court granted Defendants' Motion in Limine to bar any evidence of Plaintiffs' alleged damages or to Dismiss Claims based on use of the stricken expert's records.

On March 28, 2014, the Court granted Plaintiffs request for a certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The matter was certified, however, the Eighth Circuit Court of Appeals declined to entertain the interlocutory appeal on May 1, 2014.

Subsequently, Cottrell filed the instant motion in which it seeks the severance of the claims of Plaintiffs, entry of final judgment on Plaintiffs' January 12, 2010 incident and stay the claims arising out of the October 30, 2007 incident.

Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, "The court may [ ] sever any claim against any party." Defendant's argument is well taken. The two incidents involved herein are separate and distinct incidents. Although each incident involves the same parties, the incidents occurred on different days, in different locations and involve different types of alleged injuries.

Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim— or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court

expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed.R.Civ.P. 54(b)

As the Eighth Circuit Court of Appeals recently explained,

"[W]e generally consider only orders that dispose of all claims as final and appealable under [28 U.S.C.] § 1291." [ *Huggins v. FedEx Ground Package Sys., Inc*., 566 F.3d 771, 773 (8th Cir.2009)]. "Rule 54(b) creates a well established exception to this rule by allowing a district court to enter a final judgment on some but not all of the claims in a lawsuit." *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir.2010) (per curiam) (citations and quotation marks omitted). However, the district court may enter final judgment under this rule "only if the court expressly determines that there is no just reason for delay." Fed.R.Civ.P. 54(b). We review the court's decision to grant Rule 54(b) certification for an abuse of discretion, noting that such interlocutory appeals are "generally disfavored" and that "it is only the special case that warrants an immediate appeal from a partial resolution of the lawsuit." *Clark*, 593 F.3d at 714–15 (citations and quotation marks omitted).

When deciding whether to grant Rule 54(b) certification, the district court must undertake a two-step analysis. The court " 'must first determine that it is dealing with a final judgment .... in the sense that it is an ultimate disposition of an individual claim.'" *Outdoor Cent.[, Inc. v. GreatLodge.com, Inc* .], 643 F.3d [1115,] 1118 [ (8th Cir.2011)] (quoting *Curtiss–Wright Corp. v. Gen. Elec. Co*., 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). Second, "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests,

particularly the interest in preventing piecemeal appeals." *Id.* (citation and quotation marks omitted). "Certification should be granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir.1983) (per curiam) (citation omitted).

Generally, we give substantial deference to the district court's decision to certify orders under Rule 54(b) as the district court is " 'most likely to be familiar with the case and with any justifiable reasons for delay.'" *Clark*, 593 F.3d at 715 (citation omitted). However, this deference "rests on the assumption that the district court undertook to weigh and examine the competing interests involved in a certification decision." *Hayden*, 719 F.2d at 268.... A detailed statement of reasons why there is "no just reason for delay" need not accompany a Rule 54(b) entry of judgment, but "where the district court gives no specific reasons, our review of that court's decision is necessarily more speculative and less circumscribed than would be the case had the court explained its actions more fully." *Little Earth of United Tribes, Inc. v. United States De['t of Hous. & Urban Dev.*, 738 F.2d 310, 313 (8th Cir.1984) (per curiam). "If, as here, a district court's decision does not reflect an evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals or show a familiar[ity] with the case and with any justifiable reasons for delay, we scrutinize its decision carefully." *Huggins,* 566 F.3d at 774 (internal citations and quotation marks omitted).

*Williams v. County of Dakota, Neb.*, 687 F.3d 1064, 1067–68 (8th Cir.2012).

The Eighth Circuit Court of Appeals has set out "some of the relevant factors in reviewing Rule 54(b) certifications" as including the following:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in setoff against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).

*Hayden*, 719 F.2d at 269 (quoting *Allis–Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, (3d Cir.1975), overruled on other grounds by *Curtiss–Wright*, 446 U.S. at 6–7).

With regard to the first step in the analysis, severance of the claims under Rule 21 clearly establishes that the claims are separate; the claims have no connection other than the same parties. The parties do not dispute that the Court is "dealing with a final judgment ... in the sense that it is an ultimate disposition of an individual claim." *Id*. at 1067 (internal quotation marks and citations omitted). The order that Defendant asks the Court to certify for appeal, dismisses the January 12, 2010 claim because the expert testimony has been barred, thereby rendering the claim unprovable.

The second step of the analysis, determination of whether there is "no just

reason for delay," in light of "both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals," see *Williams*, 687 F.3d at 1067 (internal quotation marks and citations omitted), is equally present. While the Court recognizes the "general [ ] disfavor[ ]" in which Rule 54(b) interlocutory appeals are viewed and the need for a "special case" in which "immediate appeal from a partial resolution of the lawsuit" is warranted, *Id*., the Court concludes that a careful weighing of the relevant factors tips sufficiently in favor of immediate appeal. The claims are separate and distinct. In the event the Eighth Circuit finds the decision erroneous, both claims can be joined for trial, thereby negating the need for two separate trials involving the same parties. Moreover, Cottrell indicates to the Court that in the event of reversal, the parties will be in a better posture to resolve the claims without a trial. In the event the decision is affirmed, the remaining claim will be tried alone.

None of the parties will suffer any hardship or injustice through delay. Because Plaintiffs' January 12, 2010 claim was dismissed, they cannot assert that they will suffer hardship or injustice if their ability to recover on a favorable judgment in the event the claim is remanded after the appeal.

The Court believes that the relevant factors in this case do indicate that the claims should be severed and that there is no just reason to delay entry of

judgment on, and an immediate appeal of, the dismissal of the January 12, 2010 claim

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cottrell's Motion to Sever under Rule 21, for Entry of Final Judgment on 1/12/10 Fall Claim, to Stay 10/1/07 Ratchet Claim, and to Vacate 7/21/2014 Trial Date Pending Appeal of the 1/12/10 Fall Claim, [Doc. No. 436], is granted;

**IT IS FURTHER ORDERED** that the Court certifies there is no just reason to delay the entry of judgment pursuant to the Court's March 28, 2014 Opinion, Memorandum and Order Regarding Defendants' Motion in Limine [Doc. No. 417]; and

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendants and against Plaintiffs on the January 12, 2010 claim against Defendants.

Dated this 22nd day of July, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE