UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY A. TAYLOR and DEBORAH TAYLOR, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:09CV536 HEA |
| COTTRELL, INC. and AUTO HANDLING CORP., | ) ) ) ) |
| Defendants. | ) ) |

## **OPINION, MEMORANDUM AND ORDER**

Defendant Cottrell has asked the Court to clarify which state's laws will apply in this matter. In diversity of citizenship cases, the choice of law rules of the forum state govern the federal court. *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.,* 313 U.S. 487, 496 (1941); *Winter v. Novartis Pharm. Corp.,* 739 F.3d 405, 410 (8th Cir.2014); *Wolfley v. Solectron USA, Inc.,*541 F.3d 819, 823 (8th Cir. 2008). Missouri has adopted the Restatement (Second) of Conflict of Laws which uses the "most significant relationship" test to determine which state's laws govern. *Flynn v. Mazda Motors of Am.,* 4:09 CV 2069 HEA, 2010 WL 2775632, at *2 (E.D.Mo. July 14, 2010) (quoting *Kennedy v. Dixon,* 439 S.W.2d 173, 184 (Mo.1969) (en banc)). The most significant relationship is not merely which party has the most number of contacts with each state. *Livingston v. Baxter Health Care Corp.,* 313

S.W.3d 717, 721 (Mo.Ct.App.2010). Furthermore, this test is applied individually to each particular issue under the principle of "*dépéçage*." *In re. Nuva Ring® Prods. Liab. Litig.,* 957 F.Supp.2d 1110, 1113 (E.D.Mo.2013) (citing *Glasscock v. Miller,* 720 S.W.3d 771, 775 (Mo.Ct. App. 1986)); *Johnson v. Avco*, No. 4:07CV 1695 (E.D. Mo. 2009)( under the "conflict-of-law doctrine of *dépéçage*, different issues in a single case may be decided by laws of different states, if those states have the most significant relationship to those particular issues.")

Determining the most significant relationship requires the Court to consider Restatement (Second) Sections 6 and 145. *In re Nuva Ring® Prod. Liab. Litig.,* 957 F.Supp.2d at 1114. Section 6 states the Restatement's principles regarding a choice of law:

(a) the needs of the interstate and international systems;

(b) the relevant policies of the forum;

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue;

(d) the protection of justified interests;

(e) the basic policies underlying the particular field of law;

(f) certainty, predictability and uniformity of result; and,

(g) the ease in the determination and application of the law to be applied.

Restatement (Second) § 6.

The Court uses these general principles when assessing which state has the most significant contact via these factors:

(1) the place where the injury occurred;

(2) the place where the conduct causing the injury occurred;

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and,

(4) the place where the relationship, if any, between the parties is centered. Restatement (Second) § 145(2).

The places of injuries, Indiana (2007 injury) and Illinois (2010 injury), are not in dispute. Defendants seek to have Indiana law apply to both accidents, and Oklahoma law to compensatory damages, whereas, Plaintiffs argue for application of Missouri law for the 2007 accident and Illinois law for the 2010 accident.

Missouri courts apply the law of the state where the injury occurred unless some other state has a more significant relationship with the occurrence or some overriding interest. See *Dorman v. Emerson Elec. Co.*, 23 F.3d 1354, 1358 (8th Cir. 1994):

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied. ...
>
> This formulation essentially establishes a presumption that the state with the most significant relationship is the state where the injury occurred, absent an

overriding interest of another state based on the factors articulated in section 6.

*Id.*, citing Restatement (Second) of Conflict of Laws § 146 (footnote omitted).

"Missouri law establishes that where it is difficult to see clearly that a particular state has the most significant relationship to an issue, the trial court should apply the *lex loci delicti* rule; that is, it should apply the substantive law of the place where the injury occurred." *Dorman*, 23 F.3d at 1359, citing *Kennedy v. Dixon*, 439 S.W.2d 173, 185. Such a situation can arise "where the injury and the conduct causing the injury take place in separate states." *Dorman*, 23 F.3d at 1358-59. Here, Illinois (2010), Indiana (2007), Missouri, Georgia, Texas and Oklahoma all have some relationship with the injuries and/or the conduct causing the injury. No particular state has any prevailing interests over the others. Thus, the law of the state where the injuries occurred must be applied.

With respect to Plaintiffs' compensatory damages, Defendants argue that Oklahoma law must apply. Plaintiffs' domicile is Oklahoma. Timmy received his treatment in Oklahoma. With respect to compensatory damages, courts applying the Second Restatement recognize that the state of the injured plaintiff's residence has the greatest interest in applying its law to ensure the plaintiff is compensated for his injuries. *Natalini,* 185 S.W.3d at 252; *Goede,* 143 S.W.3d at 26–27; *see also Chicago,* 644 F.2d at 613 (concluding that domiciliary states' interests are served "by applying the law of the plaintiffs' domiciles as to issues involving the measure

4

of *compensatory* damages") (emphasis in original). In this case Oklahoma is the state of plaintiffs' domicile, and it accordingly has the greatest interest in applying its compensatory damages law to ensure its residents are compensated for their injuries. Additionally, Oklahoma's interest in compensating its residents outweighs any interest of the other relevant states, Illinois, Indiana, Georgia, Texas, and Missouri, in applying their compensatory damages laws to regulate their resident defendants' alleged misconduct. *See Acapolon Corp. v. Ralston Purina Co.,* 827 S.W.2d 189, 194 (Mo.1992). Accordingly, Oklahoma law should apply with respect to the issue of compensatory damages. See *Johnson v. Avco Corp.*, No. 4:07CV1695 CDP, 2009 WL 4042747, at *5 (E.D. Mo. Nov. 20, 2009).

Based upon the foregoing, the Court concludes that Indiana law should apply to the liability issues for the 2007 accident; Illinois law should apply to liability issues for the 2010 accident and Oklahoma law should apply to Plaintiffs' compensatory damages claim.

Dated this 7th day of December, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE