UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMMY A. TAYLOR and DEBORAH TAYLOR, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV536 HEA |
| COTTRELL, INC. and AUTO HANDLING CORP., | ) ) ) ) |
| Defendants. | ) ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant Auto Handling Corp.'s Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction, [Doc. No. 476]. Plaintiffs oppose the motion. For the reasons set forth below, the Motion is denied.

Defendant Auto Handling Corp. moves to dismiss Count XI (negligence claim by Timmy Taylor related to the January 12, 2010 accident) and Count XIII (loss of consortium claim by Deborah Taylor as a result of the January 12, 2010 accident) as barred by the exclusive remedy provision of the Illinois Workers' Compensation Act. Defendant claims that the Court lacks subject matter jurisdiction over these claims.

The Court has previously concluded that Illinois law is applicable to the January 12, 2010. The Illinois Supreme Court has considered this issue and has determined that the exclusivity provision of the Illinois Workers' Compensation Act

is in the nature of an affirmative defense. "[E]mployers, despite their immunity provided by the Workers' Compensation Act, are still subject to liability in tort because the protection of the Workers' Compensation Act is in the nature of an affirmative defense that must be raised in the trial court if the plaintiff brings a suit. *Doyle,* 101 Ill.2d at 10, 77 Ill.Dec. 759, 461 N.E.2d 382; see also *Braye v. Archer–Daniels–Midland Co.,* 175 Ill.2d 201, 207–08, 222 Ill.Dec. 91, 676 N.E.2d 1295 (1997) (section 5(a) of the Workers' Compensation Act is in the nature of an affirmative defense that may be waived by the employer); *Geise v. Phoenix Co. of Chicago, Inc.,* 159 Ill.2d 507, 514, 203 Ill.Dec. 454, 639 N.E.2d 1273 (1994) (same)." *Unzicker v. Kraft Food Ingredients Corp.*, 203 Ill. 2d 64, 77, 783 N.E.2d 1024, 1033 (2002). See also *Maremont v. Susan Fredman Design Grp., Ltd.,* No. 10 C 7811, 2014 WL 812401, at *8 (N.D. Ill. Mar. 3, 2014)("the IWCA preemption defense, . . .'is an affirmative one ...[,] which is waived if not asserted by [the employer].' *Doe v. Lee,* 943 F.Supp.2d 870, 879–80 (N.D.Ill.2013) (alteration in original) (quoting *Doyle v. Rhodes,* 461 N.E.2d 382, 386, 101 Ill.2d 1, 77 Ill.Dec. 759 (1984))").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of

Subject Matter Jurisdiction, [Doc. No. 476], is denied.

Dated this 17th day of December, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE