**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TIMMY TAYLOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09-CV-536 HEA |
| | ) | |
| COTTRELL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed matter is before the Court on Plaintiff Deborah Taylor's Motion to reopen the case, to clarify an Order dated August 19, 2016, and to enforce a settlement agreement against a non-party, Jack Cooper Transport Company ("JTC"). (ECF No. 608). For the reasons that follow, the Court will deny Plaintiff's Motion.[1]

For the sake of perspective some background is important. Plaintiffs Deborah and Timmy Taylor filed this product liability case against Cottrell, Inc. ("Cottrell") and Auto Handling Corporation ("Auto Handling") in 2009 for injuries Plaintiff Timmy Taylor sustained during a workplace accident in 2007.[2] Plaintiff Timmy Taylor was later injured again at work in 2010, and Plaintiffs amended their

[1]Also before the Court is a Motion to Intervene filed by Continental Indemnity Company ("Continental"), JTC's workers' compensation carrier. (ECF No. 611). As the Court declines to reopen this closed matter, the Court denies Continental's motion.

[2]Plaintiff Timmy Taylor did not join Plaintiff Deborah Taylor's motion to reopen the case, clarify an Order, and enforce a settlement agreement.

complaint to include this injury. Plaintiff Timmy Taylor was a car hauler for JTC, and Plaintiffs alleged in this suit that a rig Cottrell had manufactured was unreasonably dangerous, and that Auto Handling's employees failed to properly maintain the rig. Plaintiffs claimed Cottrell and Auto Handling were liable for the injuries Plaintiff Timmy Taylor sustained as a result of his falls, and Plaintiff Deborah Taylor's alleged loss of support and services. Plaintiffs did not bring claims against JTC in this suit.

On January 20, 2016, during the pretrial conference, the parties informed the Court that they had settled the claims in this case. That same date, the Court entered an Order vacating the trial setting, and the parties were ordered to file a stipulation for dismissal, a motion for leave to voluntarily dismiss, or a proposed consent judgment within 60 days of the date of the Order. The parties were unable to put the agreement into writing, and on March 8, 2016, Plaintiffs filed a Motion to Enforce Settlement against Cottrell and Auto Handling. Defendant Auto Handling opposed Plaintiffs' Motion to Enforce Settlement because it disputed that an agreement had been reached as to some of the terms. Defendant Auto Handling filed a Motion for Declaratory Judgment, which Plaintiffs opposed. On August 19, 2016, the Court granted Plaintiffs' Motion to Enforce Settlement and denied Defendant Auto Handling's Motion for Declaratory Judgment, and the parties were ordered to submit dismissal papers within 14 days. The parties were granted an extension of time, and

after executing a written settlement agreement and release, the parties filed a voluntary stipulation for dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure on September 12, 2016, and the Court ordered the case closed.

While this suit was still pending, Plaintiff Timmy Taylor filed a workers' compensation claim in Illinois based on his 2010 injury. Following the settlement and the dismissal of this suit, Plaintiff Timmy Taylor and JTC have disputed whether JTC has a lien on the settlement proceeds. In March 2025, the Circuit Court of Cook County ruled against Timmy Taylor and found that JTC had not waived its lien as to the 2010 injury and was entitled to credit based on the settlement in the above-captioned case. Now, 10 years after the case was closed, Plaintiff Deborah Taylor asks the Court to reopen this case and provide a clarification of its August 19, 2016 Order granting Plaintiffs' Motion to Enforce Settlement. Plaintiff also contends JTC, which was not a party to this suit, is in breach of the settlement agreement, and she moves that the Court enforce the agreement against JTC.

The Court will first address Plaintiff Deborah Taylor's request that the Court reopen this case and enforce settlement against JTC, which "is more than just a continuation or renewal of the dismissed suit." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). In its August 19, 2016 Order, the Court found Plaintiffs and Defendants Cottrell and Auto Handling had entered into a settlement

agreement. The Court, however, did not retain jurisdiction over the parties' settlement agreement after the case was closed. The Court neither incorporated the settlement agreement into its Order affirming the parties' dismissal and closing the case, nor did the Court expressly retain jurisdiction to enforce the settlement agreement in any other order. Furthermore, in their notice of dismissal, the parties did not stipulate that the Court should retain jurisdiction over the settlement agreement. *Kokkonen*, 511 U.S. at 377. *See also Adduono v. World Hockey Ass'n*, 824 F.2d 617, 621–22 (8th Cir. 1987). *Compare Myers v. Richland Cnty.*, 429 F.3d 740, 744 (8th Cir. 2005) (finding district court had ancillary jurisdiction to enforce settlement agreement where order of dismissal concluded with the statement that "this Court shall retain jurisdiction of this matter to enforce the terms of the Settlement Agreement and Mutual Releases."). Certainly, the Court did not establish and retain jurisdiction over JTC, which was not a party to this cause of action. Plaintiffs' remedy for JTC's alleged breach of the settlement agreement is in state court, which is where Timmy Taylor and JTC have been litigating for the past 10 years. The Court declines to reopen this case and consider Plaintiff's allegations against JTC for breach of the settlement agreement.

As for Plaintiff Deborah Taylor's Motion to Clarify the Court's August 19, 2016 Order, the motion is denied. To the extent Plaintiff's motion is a motion under Rule 60 of the Federal Rules of Civil Procedure, the motion is untimely. Fed. R.

Civ. P. 60(c)(1) ("motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Waiting ten years to file a motion to amend or clarify an order is not within a reasonable amount of time. Even if the Court were to track the deadline from the March 2025 adverse ruling in Illinois state court, Plaintiff waited over a year to file her motion. Further, the August 19, 2016 Order needs no clarification. As stated in the Order, the Court granted Plaintiffs' Motion to Enforce the Settlement and denied Auto Handling Motion for Declaratory Judgment. Plaintiff's motion to clarify the August 19, 2016 Order is denied as untimely and without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Deborah Taylor's Motion to Reopen the Case, Clarify the Court's Order Dated August 19, 2016, and to Enforce a Settlement Agreement Against Jack Cooper Transport Company is **DENIED**. [ECF No. 608].

**IT IS FURTHER ORDERED** that Continental Indemnity Company's Motion to Intervene is **DENIED**. [ECF No. 611]

Dated this 30th day of October, 2026.

Henry Edward Autrey

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE